UNITED STATES BANKRUPTCY COURT

DISTRICT OF IDAHO

| | |
|---|---|
| IN RE:<br><br>**EDWARD ALLEN CARVER SR**<br>**and MICHELLE RENAE CARVER,**<br><br>Debtors. | Case No. 20-00914-NGH<br><br>Chapter 7 |

**MEMORANDUM OF DECISION ON MOTION TO REOPEN**

On July 6, 2021, Edward Carver filed a "Motion to Reinstate" the above captioned case. Doc. No. 34 ("Motion"). The pleading states:

> I Edward Carver would like the court to reopen my Bankruptcy. I missed the 341 meeting due to COVID (I got it twice). And didn't receive a notice of a new time for meeting.

*Id.* The pleading does not address the failure of the joint debtor to attend any of the three, scheduled, telephonic § 341 meetings; nor does it address Edward's failure to contact the chapter 7 trustee to continue the § 341 meeting in accord with LBR 2003.1(a).[1]

On May 25, 2021, Debtors' bankruptcy case was dismissed based on Debtors' failure to attend their telephonic § 341 meeting which was scheduled to take place on November 20, 2020, then continued to December 17, 2020, and continued once again to

---

[1] Unless otherwise indicated, all statutory references are to the Bankruptcy Code found in 11 U.S.C. § 100–1532, and citations to "Rules" are to the Federal Rules of Bankruptcy Procedure, "Civil Rules" are to the Federal Rules of Civil Procedure, and "LBR" are to the Local Bankruptcy Rules for the District of Idaho.

MEMORANDUM OF DECISION - 1

January 14, 2021. Doc. No. 32. Pursuant to Ninth Circuit authority, the Court cannot reopen a dismissed case under § 350(b). *Armel Laminates, Inc. v. Lomas & Nettleton Co. (In re Income Prop. Builders, Inc.)*, 699 F.2d 963 (9th Cir. 1982); *Bowman v. Casamatta (In re Bowman)*, 526 B.R. 802, 804 (8th Cir. BAP 2015). The only relief available when a case is dismissed is through an appeal or a motion under Rules 9023 or 9024. *Hashiman v. Danielson (In re Hashiman)*, 2020 WL 5914605, *2 (9th Cir. BAP Oct. 5, 2020). Thus, to the extent the Motion seeks to reopen the dismissed case, it must be, and will be, denied.

However, Debtors are pro se, and the Court reads their pleadings liberally. Since the Motion attempts to explain and justify Debtors' failure to attend their § 341 meeting, it can be viewed as a motion seeking relief from the dismissal order under Rule 9024[2] which incorporates Civil Rule 60. Civil Rule 60(b) provides that

> On motion and just terms, the court may relieve a party or its legal representative form a final judgment, order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

---

[2] Fed. R. Bankr. P. 9023 requires a motion within 14 days of the entry of judgment or order. As such, Edward's Motion could not be a timely Rule 9023 motion.

MEMORANDUM OF DECISION - 2

Debtors bear the burden of justifying relief from the Court's order. *In re Becker*, 393 B.R. 233, 237 (Bankr. D. Idaho 2008).

Of the grounds for relief found in Civil Rule 60(b), the only possible cause identified in the Motion appears to be excusable neglect given Edward's contracting the coronavirus. The standard for excusable neglect is an equitable one, and the Court must consider the circumstances surrounding a parties' errors or omissions in exercising its discretion. *See Pioneer Inv. Servs. Co. v. Brunswick Assoc. Ltd. P'ship*, 507 U.S. 380, 395 (1993) (establishing excusable neglect factors under Rule 9006); *Briones v. Riviera Hotel & Casino*, 116 F.3d 379, 381–82 (9th Cir. 1997) (applying the *Pioneer Inv.* factors in Civil Rule 60(b)(1) analysis). Specifically, the Court must consider: "the danger of prejudice to the debtor, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Pioneer Inv.*, 507 U.S. at 395.

Here, contracting the coronavirus was beyond Edward's control, but there is little detail provided regarding the length of his illness. Debtors' § 341 meeting was continued multiple times and nothing in Debtors' Motion addresses their inability to attend over the span of three months. Moreover, nothing addresses the joint-debtor's failure to appear telephonically at the § 341 meeting. In addition, while there may be some prejudice to Debtors if they choose to seek bankruptcy relief through a second bankruptcy filing, it does not outweigh the fact that critical deadlines have passed in the above captioned case, including the deadline to object to discharge. Without Debtors appearing and answering

MEMORANDUM OF DECISION - 3

questions at a § 341 meeting, parties in interest may have been prejudiced in their ability to act in a timely fashion.³ Bankruptcy is intended to be a streamlined, fast process. Unjustified delays cannot be condoned.

Given the expiration of critical deadlines, the lack of explanation surrounding the joint debtor's failure to appear, the lack of specific information regarding the passage of time and Edward's illness, and an overall review of the circumstances, the Court concludes Debtors have not demonstrated excusable neglect such that relief from the Court's dismissal order would be appropriate. As such, the Motion will be denied. The Court will enter a separate order.

DATED: July 12, 2021



_____
NOAH G. HILLEN
U.S. Bankruptcy Judge

---

³ The Court is not suggesting there is cause to bring an adversary complaint objecting to Debtors' discharge; it is only noting that without the ability to question Debtors at a § 341 meeting, parties such as the Trustee or the United States Trustee are hindered in timely filing a complaint if one proves necessary after obtaining pertinent information at such a meeting. Here, the deadline to file such a complaint ran on January 19, 2021.

MEMORANDUM OF DECISION - 4